ROGERS, ADMINISTRATOR OF ESTATE OF ROGERS v. WARNER ET AL.

[No. 18,701. Filed October 21, 1955.]

*Olczak & Olczak,* of South Bend, for appellant.

*Paul R. Moo* and *Seebirt, Oare & Deahl,* of South Bend, for appellees.

PFAFF, C. J.—Appellant as the administrator of his wife's estate brought this action against appellees for damages sustained by him for the wrongful death of his wife.

The jury returned a verdict against appellees Marvin Kenneth Warner and the Long Transportation Company in the sum of $5,750.00. Consistent judgment for appellant followed.

This appeal was originally filed in the Supreme Court and by order of that court transferred to the Appellate Court pursuant to Sec. 4-217 Burns' 1946 Replacement and Rule 2-41 of the Supreme Court of Indiana.

Appellant's assignment of errors is as follows:

1.   The trial court erred in admitting in evidence the transcript of a record of pleadings in an undecided case.

2.   The court erred in instructing the jury by its instruction No. 9 at the request of the appellees.

3.   The court erred in refusing to grant appellant's motion for new trial.

Appellees have filed their motion to dismiss or affirm the judgment for the reason that no error of the trial court has been properly presented by the record or the brief of appellant. They point out, among other reasons, that the assignment of errors 1 and 2 raises no question and any error in reference

thereto can be raised only by a motion for new trial. In this they are correct. Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice, Sec. 1812, Comment 8. Error in the admission of evidence and the giving or refusal of tendered instructions cannot be independently assigned but must be assigned as grounds of a motion for new trial. The third assignment is technically insufficient. Ignoring such insufficiency, however, appellant has failed to treat the specifications thereof in his brief. Appellant's brief considers only claimed errors in the admission of evidence and the giving of appellees' instruction No. 9. Neither of said asserted errors was made grounds for the motion for new trial. Appellant's brief is wholly insufficient in many respects, including the failure to set out the instructions of the court, the objections thereto and a condensed recital of the evidence. There is a complete failure to comply with the rules of the court and, therefore, we are unable to say that a good faith effort has been made.

After appellees' motion to dismiss or affirm was filed appellant made no effort to amend his brief.

No question having been presented the judgment must be affirmed.

NOTE.—Reported in 129 N. E. 2d 376.